**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00231-FDW-DSC**

| | |
|---|---|
| **JENNIFER L. FAULKNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **CAROLYN W. COLVIN,** Acting ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Jennifer L. Faulkner's Motion for Summary Judgment, (Doc. No. 9) and "Memorandum…" (Doc. No. 10), both filed February 6, 2015; Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 11); and the Memorandum and Recommendation ("M&R") of Magistrate Judge David S. Cayer (Doc. No. 16) that respectfully recommends Plaintiff's Motion be granted, Defendant's Motion be denied, and the Commissioner's decision be reversed and remanded for a new hearing consistent with the Memorandum and Recommendation. After Defendant filed objections to the M&R (Doc. No. 17), and Plaintiff filed a response to Defendant's objections (Doc. No. 18), this matter is now ripe for review. For the reasons set forth below, the Court ADOPTS the findings of fact and conclusions of law specified in the Magistrate Judge's M&R, DENIES Defendant's Motion for Summary Judgment, GRANTS Plaintiff's Motion for Summary Judgment and REMANDS this matter for further proceedings consistent with this decision.

**I. BACKGROUND**

Defendant does not lodge any specific objections to the procedural history contained in the M&R. Defendant also does not specifically object to the Administrative Law Judge's ("ALJ") findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth therein.

On September 19, 2011, Plaintiff field an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that she was unable to work as of March 16, 2009. (Tr. 261-72). Plaintiff's application was denied initially and again upon reconsideration. Plaintiff subsequently requested a hearing, which was held on April 9, 2013. (Tr. 139).

On April 23, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 117-32). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 122). The ALJ also found that Plaintiff suffered from Fibromyalgia, carpal tunnel syndrome, heel and ankle pain, and major depressive disorder, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 122-23). The ALJ also found that Plaintiff had moderate restrictions in "activities of daily living, mild difficulties in social functioning, and moderate difficulties maintaining concentration, persistence, or pace." (Tr. 123). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform:

> light work with occasional climbing ramps/stairs, climbing ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching and crawling; frequent handling and fingering; able to understand, remember, and carry out simple instructions; and limited to work that requires occasional interaction with the public.

(Tr. 123). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. However, the ALJ found that Plaintiff's statements

2

concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, and would not preclude light work as described in the assessed RFC. (Tr. 128). The ALJ then found that Plaintiff was not able to perform her past relevant work as a construction worker, food service worker, kindergarten teacher, activities director, or case manager. (Tr. 129).

The ALJ properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical, the Vocational Expert ("V.E.") identified jobs (office helper, routing clerk, and office mail clerk) that Plaintiff could perform. The V.E. also stated that 33,100 of these jobs existed in North Carolina. (Tr. 130). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy and concluded that she was not disabled during the relevant period. (Tr. 130-31). In response to the ALJ's decision, Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated July 10, 2014, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1).

Plaintiff filed the present action on September 8, 2014. The parties filed cross dispositive Motions for Summary Judgment, and United States Magistrate Judge David Cayer centered the aforementioned M&R, which held that the ALJ incorrectly found that Plaintiff was not disabled. Plaintiff assigned error to the ALJ's formulation of her mental RFC and to the ALJ's failure to account for her moderate difficulty with concentration, persistence, or pace. See Plaintiff's "Supplemental Memorandum…" at 3-5 (Doc. No. 14). Defendant timely filed an objection to the M&R on two grounds, the parties' cross-motions on this matter are ripe for disposition.

## II. STANDARD OF REVIEW

**A. Review of the Commissioner's Determination**

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-CV-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

**B. Review of the Memorandum and Recommendation**

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; and that the Commissioner's determination be reversed and remanded. The M&R found that even if there was substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence, or pace." (Doc. No. 17 at 6) (quoting Mascio v. Colvin, 780 F.3d 632,

4

638 (4th Cir. 2015)).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of an M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)). Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

### III. ANALYSIS

Defendant raises two objections to the M&R's findings and conclusions: (1) that the Magistrate Judge did not acknowledge that Mascio limited remand to cases where the ALJ did not explain the basis for his residual functional capacity determination, and (2) that the Magistrate Judge did not address that the ALJ's decision cited substantial evidence in support of the limitations included in the RFC finding. (Doc. No. 17). The Court will review each of Defendant's objections in turn.

**A. Explanation of RFC Finding**

In the Memorandum and Recommendation, Judge Cayer specifies that Mascio limits remand to cases where the ALJ did not explain the basis for his residual functional capacity

determination. Keeping with Mascio, the M&R finds that simply limiting a claimant to simple tasks and instructions does not "account for a limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638. This statement is consistent with holdings from cases in the Third, Seventh, Eighth, and Eleventh Circuits. Id. The M&R employs the same language as Mascio, stating "perhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence, or pace…does not translate into a limitation in [her] residual functional capacity…." (Doc. No. 16).

After parsing the record of the ALJ's decision and Defendant's "Supplemental Memorandum…," (Doc. No. 15) there is little explanation of why Plaintiff's limitations in concentration, persistence, and pace did or did not affect her RFC. Although there was significant evidence from both a state psychologist and Plaintiff's treating physicians, the ALJ did not explain the effects of the Plaintiff's mental limitations on her RFC determination. (Doc. No. 8-4). This evidence was not used to explain why Plaintiff's "difficulties with concentration, persistence, and pace did not translate into any work-related limitations…." (Doc. No. 17). In sum, the ALJ did not present a thorough analysis of the effect the mental limitations had on his decision to limit the Plaintiff to simple tasks. Therefore, the Court agrees with the recommendation made in the M&R that this case should be remanded.

The Court is not satisfied that substantial evidence supports the ALJ's decision to limit the Plaintiff to simple tasks and instructions without providing any explanation of the mental limitations in the RFC. As Judge Cayer stated in the M&R, remand is required where substantial evidence is not used to support an RFC determination, especially when an ALJ summarily accounts for limitations in concentration, persistence, and pace by inferring Plaintiff can only understand

6

and carry out simple instructions. Although Defendant's objections to the M&R were carefully reviewed, the Court finds that the M&R correctly applied the law in reviewing the ALJ's findings.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's objections to the M&R are OVERRULED, and the Court hereby ADOPTS the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R. (Doc. No. 16). Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED (Doc. No. 9); Defendant's Motion for Summary Judgment is DENIED (Doc. No 11); and this matter is REMANDED for further proceedings consistent with the M&R.

IT IS SO ORDERED.

Signed: July 30, 2015

Frank D. Whitney
Chief United States District Judge