# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-231-FDW-DSC

| | |
|---|---|
| JENNIFER L. FAULKNER, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A)" (document # 21) filed October 20, 2015, and the parties' briefs and exhibits.

Defendant contends that her position in this litigation was consistent with prior case law and thus substantially justified.

On March 18, 2015, the Fourth Circuit issued its decision in <u>Mascio v. Colvin</u>, 2015 WL 1219530 (4th Cir. March 18, 2015). In <u>Mascio</u>, the Court "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting <u>Winschel v.Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). <u>See also</u> SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability

to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." Id. The holding in Mascio was the basis for remand here.

Defendant continued to litigate this matter after the Mascio decision was issued. She filed her Motion for Summary Judgment and supporting brief, a Supplemental Brief addressing the impact of Mascio, and objections to the Memorandum and Recommendation of Remand.

For these and the other reasons stated in Plaintiff's Motion and briefs, and in light of this Court's Order and Judgment remanding this case to Defendant for further proceedings, the Court concludes that Plaintiff is a prevailing party and that Defendant's position in this litigation was not substantially justified within the meaning of the EAJA, 28 U.S.C. § 2412(d)(1)(A).

Pursuant to the power of this Court to award fees to a prevailing party under the EAJA incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, **IT IS HEREBY ORDERED** that the "Motion for Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A)" (document # 21) is **GRANTED**. Defendant shall pay attorney's fees and costs in the amount of $7,492.34 in full satisfaction of any and all attorney's fees claims Plaintiff may have in this case under EAJA.

Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the Government.

Defendant shall determine whether Plaintiff owes a debt to the United States within thirty days of this Order. If so, the debt will be satisfied first, and if any funds remain they will be made

payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Defendant that Plaintiff does not owe a federal debt, the Government shall pay the fees awarded directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: November 12, 2015

David S. Cayer
United States Magistrate Judge